## Case No. 4,322.
### EISEMAN v. MAUL.
[12 Chi. Leg. News, 112.]
Circuit Court, D. Iowa.   Nov. 24, 1879.

Clinton, Hart & Brewer, for the motion.
C. C. Cole, contra.

NELSON, District Judge. To sustain this action, which is substantially the old common law action of trover, the plaintiff must prove title. The defendants have put this in issue by their pleadings, and the plaintiff is required to show affirmatively that he is the owner. His possession at the time of seizure is prima facie evidence of ownership, and the burden of proof is upon the defendants to overcome by proper evidence the legal effect of such possession. The defendants offer to show that the title and right of possession was in the assignee in bankruptcy of the plaintiff's vendor. This evidence was objected to, but the objection was not sustained, and the defendants then proved, or rather introduced evidence tending to show that the plaintiff acquired possession under a sale declared fraudulent by the bankrupt law. It was left to the jury to say whether the sale to plaintiff was fraudulent. This evidence was properly admitted, and, if true, effectually established title to the goods in the assignee, and defeated the plaintiff's claim. The weight of authority is in favor of the admissibility of such evidence. The plaintiff in this action being required to show title when his ownership is impeached, by proof that the transaction under which he can only claim property in the goods is void, he must fail. The assignee in bankruptcy was entitled to the possession of the goods, if the sale to plain-

tiff was not bona fide, and the defendants being creditors of the plaintiff's vendors had an interest in the goods, if they were a part of the bankrupt's estate. The evidence tended to show that the goods, notwithstanding the sale, belonged legally to the estate of plaintiff's vendors, and by the proceedings in bankruptcy the title vested in the assignee. In a case like this, the jus tertii can always be shown, for the defendants, being creditors of the bankrupts, cannot be regarded as strangers. See Leak v. Loveday, 12 Law J. C. P. 65, E. C. L. 1843, and cases cited. The cited cases recognize fully the admissibility of evidence showing title in some third party, when the pleadings put in issue the ownership. See, also, Add. Torts, tit. "Trover." In Cooley on Torts several cases are cited sustaining this doctrine, but the author thinks the general doctrine is too broadly stated. It is true that exceptional cases can be found where it would be unjust to admit such evidence, but the current authority is in favor of the rule, that the plaintiff must show his title as against the world, when it is put in issue. The issue in this case which went to the jury, was the validity of the sale under which the plaintiff claimed title, not the right of the defendants to interfere with the plaintiff's possession by his attachment proceedings. It is urged the testimony shows that the assignee in bankruptcy never obtained possession of the goods, although he gave notice and made claim to them. This fact is not material, for the reason that the issue is one of title, which the plaintiff must establish before he can recover. The controversy is not between two creditors seeking to hold the property of their debtor against the other for the payment of pre-existing debts. The title, as against the attachment by operation of law, vested in the assignee before the plaintiff commenced this suit. Motion for new trial denied.